UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARON SCHAEFER                                              CIVIL ACTION

VERSUS                                                              NO. 16-17784

DAVID PERALTA ET AL.                                    SECTION "R" (3)


## ORDER AND REASONS

Defendants move to dismiss plaintiff's first amended complaint,[1] and move to strike plaintiff's oppositions to the motions to dismiss.[2] Additionally, plaintiff filed a motion to amend her complaint, which the Magistrate Judge denied.[3] For the following reasons, the Court denies defendants' motions to strike; grants in part and denies in part defendants' motions to dismiss; and, upon reconsideration of the Magistrate Judge's order, grants plaintiff's motion to amend her complaint.


## I.    BACKGROUND

Plaintiff Sharon Schaefer was an employee of St. Bernard Parish. In 2008, when she was a legal secretary at the parish government complex, she

---

[1]    R. Docs. 41, 54, 57, 59.
[2]    R. Docs. 69, 72.
[3]    R. Doc. 82.

developed a romantic relationship with David Peralta, then-Chief Administrative Officer of the parish.[4] In 2010, plaintiff was transferred to work in the public defender's office, and in 2011, Peralta was elected Parish President.[5] Plaintiff and Peralta were married on March 31, 2012.[6] Shortly thereafter, plaintiff was transferred back to the parish government complex, where her immediate supervisor was Jerry Graves, Jr.[7]

In September 2013, plaintiff witnessed fellow employee Donald Bourgeois gambling at work, and reported this conduct to the parish conflict attorney, Sharon Williams.[8] Peralta allegedly attacked plaintiff verbally for reporting this conduct to Williams, and suspended plaintiff for three days without pay.[9]

On October 27, 2013, Peralta allegedly raped plaintiff in a torture chamber, with ropes hanging from the ceiling and arm and leg restraints nailed to the wall, which he had prepared in his and plaintiff's home.[10] Peralta then prevented plaintiff from leaving the home.[11] Once she was able

---

[4]    R. Doc. 44 at 4 ¶¶ 9-11.
[5]    *Id.* at 5 ¶¶ 14, 16.
[6]    *Id.* at 5-6 ¶ 19.
[7]    *Id.* at 6 ¶¶ 21-22.
[8]    *Id.* ¶ 23.
[9]    *Id.* at 6-7 ¶¶ 24-25.
[10]   *Id.* at 7-8 ¶¶ 29-34.
[11]   *Id.* at 8 ¶ 34.

to escape, plaintiff immediately reported the rape to the police.[12]  On October 28, plaintiff went to her workplace to request leave, but Peralta's personal attorney allegedly accosted her and brought her to Peralta's office.[13] According to plaintiff, after Peralta apologized to her, he grabbed her and dug his fingers into her shoulder, threatened to fire her if she did not drop the charges, and struck her when she refused to do so.[14]  Plaintiff alleges that Peralta then forced her to walk out of the building while holding his hand in case any media were present.[15]

In early December 2013, plaintiff allegedly complained about Peralta's conduct internally, including to fellow employee Billy McGoey.[16]  Plaintiff alleges that Peralta verbally attacked her for complaining about him, and forced her to take a leave of absence.[17]  Plaintiff also filed a charge of discrimination and retaliation with the EEOC on December 23, 2013.[18]

Plaintiff alleges various other instances of harassment by Peralta, Williams, and McGoey, including Peralta's making knowingly false

---

[12]     *Id.* ¶¶ 35-37.
[13]     *Id.* at 9 ¶¶ 39-40.
[14]     *Id.* ¶¶ 41-43.
[15]     *Id.* ¶ 43.
[16]     *Id.* at 10 ¶¶ 46-47.
[17]     *Id.* ¶ 46.
[18]     R. Doc. 82-5.

statements about plaintiff's mental health and professional aptitude.[19] Plaintiff also alleges that Peralta and McGoey filed false police reports against plaintiff in retaliation for her refusal to withdraw her rape complaint, and that Peralta wrote an extortion letter threatening to release intimate photographs of plaintiff.[20] On March 19, 2014, a judge signed a permanent restraining order prohibiting Peralta from contacting or interacting with plaintiff.[21] Plaintiff was terminated by the parish government on April 2, 2014.[22]

Plaintiff filed this lawsuit on December 23, 2016.[23] Initially, she brought a number of state law and federal claims, including a Title VII claim for hostile work environment and retaliation. She filed an amended complaint as of right on May 10, 2017.[24] Several claims from her original complaint, including her Title VII claim for hostile work environment, are not present in the first amended complaint. Besides Peralta, the remaining defendants are St. Bernard Parish, St. Bernard Parish Council, Williams, McGoey, Graves, and St. Bernard Parish Councilman at Large Guy McGinnis

---

[19] R. Doc. 44 at 12 ¶ 55.
[20] *Id.* ¶¶ 56, 58.
[21] *Id.* ¶ 59.
[22] *Id.* at 13 ¶ 60.
[23] R. Doc. 1.
[24] R. Doc. 44.

(collectively, the St. Bernard Defendants). Defendants have filed multiple motions to dismiss, and motions to strike plaintiff's responses to those motions as untimely. On August 30, 2017, plaintiff moved for leave to file a second amended complaint, which reincorporated her Title VII hostile work environment claim and added additional factual allegations. This motion was referred to the Magistrate Judge, who denied it because of the pending motion to dismiss.[25]

## II. DISCUSSION

### A. Motion to Strike

Defendants move to strike plaintiff's oppositions to defendants' motions to dismiss as untimely. The St. Bernard Defendants set their motions to dismiss for submission on August 30, 2017.[26] Under the Local Rules, plaintiff's opposition was due eight days earlier on August 22. *See* L.R. 7.5. Plaintiff filed her opposition one day late.[27] Peralta also moves to strike plaintiff's opposition as untimely, but plaintiff filed her opposition to Peralta's motion well in advance of the September 27 submission date.[28]

---

[25] R. Doc. 94.
[26] R. Docs. 57, 59.
[27] R. Doc. 65.
[28] *See* R. Docs. 54-2, 64.

The Court has broad discretion to extend filing deadlines and to accept late-filed motion papers. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). Because the St. Bernard Defendants do not assert, and the Court does not discern, any prejudice from the short delay, the Court declines to strike plaintiff's opposition as untimely.

### B. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S.

at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

In considering a motion to dismiss for failure to state a claim, a court typically "must limit itself to the contents of the pleadings," including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," without converting the motion into one for summary judgment." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## 1. Statute of limitations

Turning to defendants' motions to dismiss, defendants first argue that plaintiff's claims are time-barred or prescribed.[29] "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Plaintiff does not contest that most of her claims, apart from retaliation, are time-barred. The Court nevertheless addresses each claim in turn.

First, plaintiff's state law claims for intentional infliction of emotional distress, defamation, and false imprisonment, and her federal claims for violations of 42 U.S.C. §§ 1983, 1985, and 1986, are time-barred. The prescriptive period for most Louisiana torts—including intentional infliction of emotional distress, defamation, and false imprisonment—is one year. La. Civ. Code art. 3492; *King v. Phelps Dunbar, L.L.P.*, 743 So. 2d 181, 187 (La. 1999) ("Claims for intentional infliction of emotional distress are also governed by the one-year prescriptive period for delictual actions . . . ."); *Godfrey v. Reggie*, 94 So. 3d 82, 89 (La. App. 3 Cir. 2012) (noting that false imprisonment claim is subject to one-year prescriptive period); *Lyons v.*

---

[29] R. Doc. 41-1 at 7-10; R. Doc. 54-1 at 4-6; R. Doc. 57-1 at 5-6.

*Knight*, 65 So. 3d 257, 260 (La. App. 3 Cir. 2011) ("Defamation is a delictual action subject to a one-year liberative prescription."). Plaintiff's claim under 42 U.S.C. § 1986 also has a one-year statute of limitations. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Additionally, although 42 U.S.C. §§ 1983 and 1985 contain no express limitations period, courts apply the statute of limitations for the analogous state law action—here, the one-year prescriptive period for Louisiana torts. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). Based on the complaint, the conduct relevant to these claims occurred between September 2013 and April 2014, when plaintiff was terminated from her position. Thus, plaintiff's claims for claims for intentional infliction of emotional distress, defamation, false imprisonment, and violations of 42 U.S.C. §§ 1983, 1985, and 1986 accrued no later than April 2014 and prescribed before plaintiff filed suit in December 2016.

Second, plaintiff's claims for assault and battery and sexual assault and sexual battery have longer prescriptive periods, but are still prescribed. Torts arising from crimes of violence prescribe after two years. La. Civ. Code art. 3493.10. A tort arising from sexual assault prescribes after three years. *Id.*

art. 3496.2.   Peralta allegedly committed sexual assault and battery in October 2013.[30]   Thus, these claims prescribed before December 2016.

Third, plaintiff's state law claim for retaliation is prescribed.   State law claims for retaliation prescribe after one year.   La. R.S. § 23:303(D).   This prescriptive period is "suspended during the pendency of any administrative review," but only up to six months.   *Id.*   Thus, plaintiff had a maximum of eighteen months from her termination in April 2014 in which to file suit for retaliation under Louisiana law.   Her state law claim for retaliation therefore prescribed before she filed suit in December 2016.

Finally, plaintiff's federal retaliation claim is not time-barred.   Title VII claims for retaliation must be brought within 90 days after receipt of a right-to-sue letter from the EEOC.   42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).   An EEOC charge of retaliation, in turn, must be filed within 300 days after the retaliation occurred.   42 U.S.C. § 2000e-5(e)(1).   The EEOC's notice of plaintiff's right to sue is dated September 29, 2016—fewer than 90 days before plaintiff filed suit.[31]   In addition, plaintiff filed her EEOC charge of discrimination and retaliation on December 23, 2013—well within 300 days of when plaintiff

---

[30]     R. Doc. 44 at 7-8 ¶¶ 30-33, 9 ¶¶ 42-43.
[31]     R. Doc. 64-1.

allegedly began to experience discrimination and retaliation in September 2013.[32]  Thus, these documents indicate that plaintiff timely filed her EEOC charge and filed suit within Title VII's limitations period.

### 2. Plaintiff's claim for retaliation

Defendants also argue that plaintiff fails to state a claim for retaliation because she did not allege administrative exhaustion and because she did not allege facts supporting a prima facie showing of retaliation.[33]  Administrative exhaustion is a prerequisite to filing suit under Title VII in district court.  *See Taylor*, 296 F.3d at 378-79.  As explained earlier, plaintiff timely filed her EEOC charge of discrimination and retaliation.  Although she does not allege administrative exhaustion in her complaint, it is enough that EEOC documents show that she exhausted her Title VII claim.  *See Tellabs*, 551 U.S. at 308 ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to

---

[32]     R. Doc. 82-5.  The Court takes judicial notice of the facts contained within the EEOC right-to-sue letter and charge as public records.  *See Wilson v. Lockheed Martin Corp.*, No. 03-2276, 2003 WL 22384933, at *2 (E.D. La. Oct. 15, 2003) (taking judicial notice of EEOC documents as a matter of public record); *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447 (W.D. Tex. 2013) (same).  Consideration of these facts does not convert a motion to dismiss to a motion for summary judgment.  *Funk v. Stryker Corp.*, 631 F.3d 777, 782-83 (5th Cir. 2011); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

[33]     R. Doc. 41-1 at 22-28; R. Doc. 54-1 at 11-13; R. Doc. 57-1 at 10-11.

dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Plaintiff also alleges sufficient facts to support a prima facie showing of retaliation. Title VII makes it unlawful for an employer to discriminate against an employee who has opposed an employment practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). In order to state a retaliation claim, a plaintiff must allege "(1) that [she] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002). "An employee has engaged in protected activity when she has (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998) (quoting 42 U.S.C. § 2000e-3(a)).

Defendants contend that plaintiff fails to allege either that she engaged in protected activity or that this protected activity caused adverse employment actions. The complaint points to two examples of protected

activity. First, plaintiff reported a colleague for gambling at work.[34] Second, plaintiff reported Peralta for his actions against her.[35] Specifically, plaintiff filed a criminal complaint against Peralta, internally complained about his discriminatory conduct, reported his conduct to one of her supervisors, and sought a restraining order against Peralta.[36] Plaintiff also filed a charge of discrimination and retaliation with the EEOC. Title VII does not prohibit gambling at work, so that plaintiff's reporting of a colleague for gambling does not qualify as protected activity. But Title VII does prohibit harassment that creates a hostile work environment based on gender. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65-66 (1986); *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). Plaintiff's filing of a charge of discrimination, complaining of a hostile work environment, was per se protected activity. *See Douglas*, 144 F.3d at 372. Whether plaintiff's other actions—filing a criminal complaint against Peralta, internally complaining about him, and seeking a restraining order against him—also constitute protected activity turns on whether plaintiff reasonably believed that the conduct she opposed violated Title VII. *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016).

---

[34] R. Doc. 44 at 6 ¶ 23, 18 ¶ 82.
[35] R. Doc. 44 at 18 ¶ 84.
[36] *Id.* at 10 ¶¶ 45-47, 12 ¶ 59.

Plaintiff asserts that Peralta created a hostile work environment by confronting her the day after he allegedly raped her, verbally and physically threatening her if she did not withdraw her complaint, hitting her, and forcing her to walk out of Peralta's office building while holding his hand.[37] Peralta allegedly attacked plaintiff verbally on several later occasions for complaining about his conduct.[38]  In addition, Peralta allegedly made false statements about plaintiff's mental health, integrity, and professional aptitude, filed false police reports against her, and wrote an extortion letter threatening to release intimate photographs of plaintiff.[39]

Assuming the allegations in plaintiff's complaint are true, it would have been reasonable to believe that Peralta's conduct created a hostile work environment in violation of Title VII.  A prima facie case of a hostile work environment by coworkers requires proof of five elements:

> (1) the plaintiff belongs to a protected group; (2) she was subjected to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action.

*Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325 (5th Cir. 2004).

---

[37]     R. Doc. 44 at 9 ¶¶ 42-43; R. Doc. 65 at 9-10.
[38]     *Id.* at 10 ¶¶ 45-46.
[39]     *Id.* at 12 ¶¶ 55-56, 58.

The Fifth Circuit has held that a pattern of harassment, even if it is not sexual in nature, may be based on sex if it follows the termination of a romantic relationship. *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Because plaintiff alleges that Peralta's pattern of harassment followed his alleged rape of plaintiff, and occurred while their romantic relationship deteriorated, she has asserted sufficient facts to support the first three prongs of the hostile work environment test. Moreover, Peralta's alleged conduct—including physical threats, humiliating actions, and other instances of abuse that interfered with plaintiff's work performance—was sufficiently severe or pervasive to affect a term, condition, or privilege of employment. *See Hernandez*, 670 F.3d at 651. Finally, plaintiff's allegations plausibly support the inference that her supervisors were aware of the harassment, and not only failed to take remedial action, but also participated in the harassment. And to the extent Peralta exerted supervisory authority over plaintiff, St. Bernard Parish is vicariously liable. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998) ("An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee.").

By lodging internal complaints about Peralta's harassment, plaintiff opposed behavior she reasonably believed violated Title VII, thereby engaging in protected activity. *See Green*, 284 F.3d at 657 (noting that internal complaints about sex discrimination constitute protected activity). Plaintiff further opposed Peralta's harassment by filing criminal charges and seeking a restraining order against him.

Although defendants concede that plaintiff's termination was an adverse employment action, they argue that plaintiff fails to allege a causal link between her protected activity and her termination. At the prima facie stage, "the standard for satisfying the causation element is 'much less stringent' than a 'but for' causation standard." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001)). The plaintiff may establish a causal link by showing that the employer based its decision to terminate her in part on knowledge of her protected activity. *See id.* (citing *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001)). Courts have also found that "[c]lose timing between an employee's protected activity and an adverse action against [her] may provide the causal connection required to make out a prima facie case of retaliation." *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (alteration in original) (quoting Swanson v. *Gen. Servs.*

*Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997)). A lapse of four months may be sufficient to raise an inference of causation. *See id.*

While plaintiff's complaint does not clearly tie her termination to any particular protected activity, it is reasonable to infer that St. Bernard Parish terminated her employment because of her opposition to the harassing conduct of Peralta, the Parish president. Plaintiff was terminated fewer than four months after she filed her EEOC charge and internally reported Peralta's conduct, and less than one month after she obtained a restraining order against Peralta. Moreover, plaintiff alleges that Peralta verbally attacked her for complaining about his discriminatory conduct.[40] These facts suffice to raise a plausible inference of causation. Plaintiff therefore alleges a prima facie claim of retaliation.

Although plaintiff's complaint does state a claim for retaliation, Title VII creates liability only for an employer. 42 U.S.C. § 2000e-3(a). According to plaintiff's complaint, St. Bernard Parish—not St. Bernard Parish Council—was her employer.[41] Moreover, a complainant's coworkers and supervisors, in either their official or personal capacities, are not subject to liability under the statute. *See Ackel*, 339 F.3d at 382 n.1 ("Individuals are not liable under

---

[40]    R. Doc. 44 at 10 ¶ 46.
[41]    *Id.* at 4 ¶ 9.

Title VII in either their individual or official capacities."). Thus, plaintiff's Title VII claims against the individual defendants and St. Bernard Parish Council must be dismissed.

### C.    Motion to Amend

Finally, the Court addresses plaintiff's motion for leave to amend her complaint. Plaintiff's proposed second amended complaint differs from her first amended complaint primarily in that it adds a Title VII claim for hostile work environment.[42] Plaintiff's counsel states that this claim, which was present in the original complaint, was inadvertently left out of the first amended complaint.[43] The second amended complaint also contains additional factual allegations, most notably that she timely filed a charge of discrimination and retaliation with the EEOC. The St. Bernard Defendants opposed the motion, and Peralta moved to strike the second amended complaint.[44] Plaintiff's motion to amend was referred to the Magistrate Judge, who denied it on the grounds that the motion was unduly delayed and that this Court should adjudicate the pending motions to dismiss before plaintiff's complaint is amended a third time.[45]

---

[42]   *See* R. Doc. 82.
[43]   R. Doc. 82-1 at 1.
[44]   R. Docs. 87, 91.
[45]   R. Doc. 94.

Although plaintiff did not object to the Magistrate Judge's ruling, the Court may review it *sua sponte* if it was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (holding that magistrate judge rulings are reviewable by district court even if no objection is filed). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Under Federal Rule of Civil Procedure 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to allow amendment of the complaint, the Court must consider any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); S*mith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (Former 5th Cir. 1981).

In denying plaintiff's motion, the Magistrate Judge noted that defendants' motions to dismiss should be adjudicated before plaintiff has another opportunity to amend her complaint. Having now adjudicated defendants' motion to dismiss, the Court finds that justice requires leave to amend, and that denial of plaintiff's motion to amend is clear error. The Magistrate Judge found that plaintiff's amendment was unduly delayed. But plaintiff sought to file her second amended complaint within the time allotted for amendments to pleadings.[46] Moreover, this litigation has not yet proceeded past the motion to dismiss stage. Cases in which courts deny leave to amend for undue delay generally involve motions to amend filed much later in the proceedings. *See, e.g.*, *Smith*, 393 F.3d at 595-96 (affirming district court's denial of motion to add a fraud claim when motion was filed during trial). Furthermore, plaintiff asserts that the delay was caused by plaintiff's counsel's inadvertence in removing the Title VII claim from the complaint. *See id.* at 595 (noting that if plaintiff's amendment were unduly delayed, plaintiff would bear the "burden of showing the delay to be 'due to oversight, inadvertence, or excusable neglect'" (quoting *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992))). The Court thus does not find

---

[46]     *See* R. Doc. 81 at 2.

that plaintiff unduly delayed in seeking to replead this inadvertently removed cause of action.

The St. Bernard Defendants argue that this amendment would unduly prejudice them. Specifically, they suggest that they will have to file yet another motion to dismiss. This prejudice is minimal, however, because plaintiff already alleged a Title VII hostile work environment claim in her original complaint, and the St. Bernard Defendants moved to dismiss it. *See Dussouy*, 660 F.2d at 599 (finding no undue prejudice because the existing pleadings gave defendant "adequate notice" of the new allegations, which challenged "essentially the same [conduct] as that challenged in the initial pleadings"). Moreover, adding a hostile work environment claim would not significantly expand the scope of discovery in this case because, as discussed earlier, plaintiff's retaliation claim relies on plaintiff's reasonable belief that she was subject to a hostile work environment. *Cf. id.* (recognizing that defendant would be prejudiced if amendment necessitated additional discovery).

The St. Bernard Defendants also argue that the amendment would be futile. An amendment is futile if it would be dismissed under a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Plaintiff's proposed amendment reasserting a Title

VII claim for hostile work environment against her former employer, St. Bernard Parish, would not be futile; as explained earlier, plaintiff has alleged sufficient facts in her first amended complaint to support at least a reasonable belief that she was subject to a hostile work environment. The additional factual allegations in her second amended complaint provide further detail in support of plaintiff's Title VII claims. For example, plaintiff alleges that she timely filed her charge of discrimination and retaliation with the EEOC, and that she reported Peralta's harassment to Graves, her direct supervisor.[47] Plaintiff's proposed amendments therefore are not futile.

Thus, the Court grants plaintiff's motion for leave to file a second amended complaint.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's claims for intentional infliction of emotional distress, defamation, false imprisonment, assault and battery, sexual assault and sexual battery, state law retaliation, and violations of 42 U.S.C. §§ 1983, 1985, and 1986. The Court also grants defendants' motion to dismiss plaintiff's Title VII retaliation claim against St. Bernard Parish Council, Peralta,

---

[47]     R. Doc. 82-4 at 3 ¶ 8, 10 ¶ 48.

Williams, McGoey, Graves, and McGinnis. These claims are DISMISSED WITHOUT PREJUDICE, and St. Bernard Parish Council, Peralta, Williams, McGoey, Graves, and McGinnis are dismissed from this lawsuit. The Court DENIES defendants' motion to dismiss plaintiff's Title VII retaliation claim against St. Bernard Parish, and DENIES defendants' motions to strike plaintiff's oppositions to the motions to dismiss. Further, upon reconsideration of the Magistrate Judge's decision, the Court GRANTS plaintiff's motion to amend her complaint.

New Orleans, Louisiana, this __7th__ day of December, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE