UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARON SCHAEFER               CIVIL ACTION

VERSUS                        NO. 16-17784

DAVID PERALTA, *et al.*       SECTION M (3)

## ORDER & REASONS

Before the Court is a motion by defendant St. Bernard Parish Government (the "Parish")[1] to enforce the Clerk of Court's December 31, 2019 award of $5,463.80 in costs.[2] The Parish argues that Schaefer should be required to pay the costs immediately because, although Schaefer has appealed this Court's summary judgment in favor of the Parish, she has not contested the award of costs and has not moved to stay the judgment.[3] Schaefer responds in opposition arguing that the Court should refuse to consider the Parish's motion because it does not cite binding or sufficiently persuasive authority, and that she should not be forced to pay the costs until her appeal is complete.[4] Having considered the parties' memoranda, the record, and the applicable law, the Court grant the Parish's motion.

Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, a party seeking to stay the execution of a judgment pending appeal may post a bond or other security to secure the payment of the judgment to the judgment creditor. "It is generally accepted that '[i]n the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment.'" *Folse v. Richard Wolf Med. Instruments Corp.*, 1998 WL 473941, at *2 (E.D. La. Aug. 11, 1998) (quoting 11 CHARLES

---

[1] R. Doc. 179.
[2] R. Doc. 177.
[3] R. Doc. 179-1 at 2-3.
[4] R. Doc. 180 at 1-2.

ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2905 (2d ed.1995), and citing *BASF Corp. v. Old World Trading Co.,* 979 F.2d 615, 616 (7th Cir. 1992) ("An appeal by the loser does not eliminate the winner's entitlement to immediate payment, although it does create the opportunity to obtain a stay by posting a supersedeas bond.")). "Costs taxable under 28 U.S.C. § 1920 are properly included in the supersedeas bond." *Tricon Energy, Ltd. v. Vinmar Int'l, Ltd.*, 2012 WL 527965, at *2 (S.D. Tex. Feb. 16, 2012) (citing *Norton v. Canadian Am. Tank Lines*, 2009 WL 3172105, at *1 (W.D. Ky. Sept. 29, 2009) ("Typically, a bond would include costs."); *S.E.C. v. O'Hagan,* 901 F. Supp. 1476, 1480 (D. Minn. 1995) ("Generally, the amount of the bond should include the principal amount of the judgment, plus costs ...."). Schaefer has not obtained a supersedeas bond to stay the execution of the judgment, including the award of costs, pending appeal. Thus, the Parish is free to pursue appropriate measures to enforce the award of costs.

Accordingly, for the reasons stated above,

IT IS ORDERED that the Parish's motion to enforce the award of costs (R. Doc. 179) is GRANTED. Payment of the costs awarded in the judgment appealed is due immediately because she has not posted a supersedeas bond, and the Parish may seek to enforce same.

New Orleans, Louisiana, this 20th day of March, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE